| | |
|---|---|
| **JAHMAI J.,** | **Civil Action No. 18-13740 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **CHARLES GREEN,** | |
| **Respondent.** | |

**WIGENTON**, District Judge:

Presently before the Court is the *pro se* petition for a writ of habeas corpus of Petitioner, Jahmai J., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner has replied. (ECF No. 7). For the following reasons, this Court will grant Petitioner's habeas petition and will order the Government to provide Petitioner with a bond hearing.

## I. BACKGROUND

Petitioner is a native and citizen of Jamaica who entered the United States in 2005 on a visitor visa. (Document 1 attached to ECF No. 6 at 3). Petitioner thereafter became a conditional lawful permanent resident in 2011. (*Id.*). In June 2015, Petitioner was convicted of unlawful possession of a weapon and possession of a weapon for an unlawful purpose in New Jersey and was sentenced to five years' imprisonment. (*Id.*). In September 2016, while still incarcerated in state prison, Petitioner was served with a notice to appear and placed into removal proceedings based on his criminal history. (Document 2 attached to ECF No. 6). On July 7, 2017, upon his

release from prison, Petitioner was taken into immigration custody while his removal proceedings continued. (ECF No. 1 at 2). Petitioner has remained detained since that time.

In February 2017, Petitioner appeared for an initial hearing before an immigration judge. (Document 7 attached to ECF No. 6 at 1). That hearing was adjourned until March 2017 so that Petitioner could acquire counsel. (*Id.*). Petitioner's next hearing in March 2017 was also adjourned, this time because the Government failed to produce Petitioner for the hearing. (*Id.* at 2). Petitioner's next hearing, in April 2017, was also adjourned, this time because of a court equipment malfunction. (*Id.*). Petitioner appeared once again on July 23, 2017, but that hearing was rescheduled so that a merits hearing could be conducted. (*Id.*). Petitioner then appeared on August 3, 2017, for a bond hearing, at which point he was found to be subject to mandatory detention under 8 U.S.C. § 1226(c) and was thus not entitled to bond. (*Id.*). On August 10, 2017, at the next hearing, Petitioner requested and received an adjournment to October 2017 so that he could prepare applications for relief. (*Id.*). Petitioner sought and received further extensions in October and December 2017. (*Id.*). Petitioner's January 2018 hearing was thereafter postponed so that the Government could process an application Petitioner had filed for relief. (*Id.*). Petitioner filed another application for relief from removal in March 2018. (*Id.*). Petitioner appeared for a final hearing on May 14, 2018, at which point his applications for relief were denied and he was ordered removed. (*Id.*). Petitioner appealed, and the Board of Immigration Appeals dismissed his appeal on October 10, 2018. (*Id.*).

On October 22, 2018, Petitioner filed a petition for review of the Board's decision with the Third Circuit. (Third Circuit Docket No. 18-3354 Docket Sheet). Petitioner thereafter filed a motion for a stay of removal. (*Id.*). On October 23, 2018, the Clerk of the Court of Appeals entered an order in Petitioner's case temporarily granting Petitioner's motion for a stay of removal

pursuant to a Third Circuit standing order, and Petitioner's removal was stayed until such time as a motions panel of the Court of Appeals could decide his motion for a stay. (Third Circuit Docket No. 18-3354 at Document No. 3113068322). Petitioner's motion for a stay has yet to be decided and remains pending before the Third Circuit. (Third Circuit Docket No. 18-3354 Docket Sheet). Petitioner thus remains subject to a judicially ordered stay of removal at this time, and it is not clear if and when that situation will change.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Petitioner argues that his ongoing immigration detention violates his right to Due Process as he has been held overlong without a bond hearing. Although Petitioner is subject to a final order of removal, because the Third Circuit has temporarily granted him a stay of removal, he

remains detained pursuant to 8 U.S.C. § 1226(c). *See, e.g., Leslie v. Att'y Gen.*, 678 F.3d 265, 268-70 (3d Cir. 2014). Petitioner bases his Due Process argument on the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In issuing its decision in *Jennings v. Rodriguez*, 538 U.S. ---, 138 S. Ct. 830 (2018), however, the Supreme Court abrogated the direct holdings of both *Diop* and *Chavez-Alvarez*. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018).

As both this Court and the Third Circuit have recognized, however, the abrogation of the constitutional avoidance holdings of *Diop* and *Chavez-Alvarez* did not rob those cases of all authority – "*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long." *Id.*; *see also Dryden*, 321 F. Supp. 3d at 502. Even after *Jennings*, the "constitutionality of [§ 1226(c) detention remains] a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez*, 783 F.3d at 474-75; *see also Diop*, 656 F.3d at 232, 234. An alien's detention will thus amount to an unconstitutional application of § 1226(c) where the prolonged nature of that detention becomes "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474. Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes extremely overlong merely because he has pursued valid challenges to his

removal that detention may eventually become so arbitrary that the Due Process clause requires a bond hearing.  *See K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal); *see also Carlos A. v. Green*, No. 18-13356, 2019 WL 325543, at *4 (D.N.J. Jan. 25, 2019) (detention of over eighteen months).

In this matter, Petitioner has been in removal proceedings for more than two years, and has been held in immigration detention for approximately eighteen months.  Of those eighteen months of immigration detention, only about eight months of delay can be directly attributed to Petitioner, while the remaining ten months can be attributed to either delays resulting from Government action, time spent briefing appeals and related motions, or time required for bureaucratic processing of Petitioner's filings.  As this Court finds no evidence of bad faith on the part of Petitioner, as Petitioner appears to be merely seeking relief through the means available to him – a petition for review with the Court of Appeals, and as the continued length of Petitioner's detention under § 1226(c) is beyond his control as that detention shall continue until either the Third Circuit issues an order vacating his temporary stay or dismissing his petition for review,[1]

---

[1] Although Petitioner is granted a bond hearing, this Court notes that, should the Third Circuit either vacate Petitioner's temporary stay and deny him a stay of removal or enter a final decision denying or dismissing his petition for review, the basis for Petitioner's detention would shift from § 1226(c) to 8 U.S.C. § 1231(a).  *See Leslie*, 678 F.3d at 268-70.  As detention under § 1231(a) is mandatory for ninety days from its onset, and as the Government may detain an alien under § 1231(a) for up to six months without further review from this Court, the Government is not only able but is required to take Petitioner back into custody should his detention shift to post-final order detention under § 1231(a).  *See, e.g., Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 219-21 (2018).  Nothing in this Court's order granting Petitioner a bond hearing therefore affects, prevents, or otherwise restricts the Government's statutory authority to take Petitioner back into custody upon his reaching post-final order status notwithstanding any grant of bond Petitioner may receive in the meantime.

this Court finds that Petitioner's continued detention absent a bond hearing would be arbitrary and thus an unconstitutional application of § 1226(c).  This Court will therefore grant Petitioner's habeas petition and will order the Government to provide him with a bond hearing within ten days.[2]


## III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is GRANTED, and the Government shall provide Petitioner with a bond hearing before an immigration judge within ten days at which the Government bears the burden of showing that Petitioner is either a danger to the community or a flight risk.  An appropriate order follows.


Dated: February 5, 2019                          *s/ Susan D. Wigenton*
                                                 Hon. Susan D. Wigenton,
                                                 United States District Judge

---

[2] At that bond hearing, "'the Government [will be required] to produce individualized evidence that [Petitioner's] continued detention was or is necessary' to further the goals of § 1226(c)–specifically ensuring that Petitioner presents neither a danger to the community nor a flight risk." *K.A.*, 2018 WL 3742631 at *4 (quoting *Chavez-Alvarez*, 783 F.3d at 477-78.