UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAHMAI J.,

    Petitioner,

v.

CHARLES GREEN,

    Respondent.

Civil Action No. 18-13740 (SDW)

MEMORANDUM OPINION

IT APPEARING THAT:

1. On September 6, 2018, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his ongoing immigration detention while he remained subject to mandatory detention under 8 U.S.C. § 1226(c). *Leslie v. Att'y Gen.*, 678 F.3d 265, 268-70 (3d Cir. 2014).

2. Following briefing, this Court entered a final order and opinion in this matter on February 6, 2019, which granted Petitioner a bond hearing so long as he remained detained pursuant to § 1226(c). (ECF Nos. 8-9). In the opinion, however, this Court noted the following:

> Although Petitioner is granted a bond hearing, this Court notes that, should the Third Circuit either vacate Petitioner's temporary stay and deny him a stay of removal or enter a final decision denying or dismissing his petition for review, the basis for Petitioner's detention would shift from § 1226(c) to 8 U.S.C. § 1231(a). *See Leslie* [*v. Att'y Gen.*, 678 F.3d [265, ]268-70 [(3d Cir. 2014)]. As detention under § 1231(a) is mandatory for ninety days from its onset, and as the Government may detain an alien under § 1231(a) for up to six months without further review from this Court, the Government is not only able but is required to take Petitioner back into custody should his detention shift to post-final order detention under § 1231(a). *See, e.g., Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 219-21 (2018). Nothing in this Court's order granting Petitioner a bond hearing therefore affects, prevents, or otherwise restricts the Government's statutory authority to take

1

> Petitioner back into custody upon his reaching post-final order status notwithstanding any grant of bond Petitioner may receive in the meantime.

(ECF No. 8 at 5 n. 1).

3. After that opinion and order were issued, the Government filed a letter with the Court. (ECF No. 10). In that letter, the Government informed the Court that, following this Court's issuance of the final order and opinion, the Third Circuit released an order which denied Petitioner's motion for a stay and vacated the temporary stay Petitioner was granted. (*Id.*). The Government attached a copy of that order to its letter. (Document 1 attached to ECF No. 10). Based on the vacating of Petitioner's temporary stay, and pursuant to the above quoted section of this Court's opinion, the Government requests that it be relieved of the obligation to hold a bond hearing for Petitioner. (ECF No. 10 at 1).

4. Because the Third Circuit vacated Petitioner's stay of removal, he is now subject to a final order of removal and has entered the removal period during which his detention is mandatory and presumptively constitutional. *Leslie*, 678 F.3d at 268-70; *Guerrero-Sanchez*, 905 F.3d at 219-21. As Petitioner is now subject to detention under § 1231 and is therefore subject to mandatory detention for a period of up to six months during which this Court must presume that his detention is valid and constitutionally permissible, this Court's order granting a bond hearing must be vacated, and Petitioner's habeas petition dismissed. *Guerrero-Sanchez*, 905 F.3d at 219-21.

5. In conclusion, this Court's order granting a bond hearing is VACATED, and Petitioner's habeas petition is DISMISSED. An appropriate order follows.


Dated: February 8, 2019

                                      *s/ Susan D. Wigenton*
                                      Hon. Susan D. Wigenton,
                                      United States District Judge